IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

Filed/Docketed
Sep 11, 2025

| | |
|---|---|
| IN RE:<br><br>PHELAND TILTON LUCAS,<br><br>Debtor. | Case No. 24-10469-T<br><br>Chapter 7 |
| MARK LARSON,<br><br>Plaintiff,<br><br>v.<br><br>PHELAND TILTON LUCAS,<br><br>Defendant. | Adversary No. 24-01014-T |

## MEMORANDUM OPINION

THIS MATTER comes before the Court pursuant to Plaintiff's Motion for Summary Judgment (the "Motion"),[1] filed by Mark Larson ("Larson" or "Plaintiff"); the Response to Motion for Summary Judgment (the "Response"),[2] filed by Pheland Tilton Lucas ("Lucas or Defendant"); and the Plaintiff's Reply.[3] Presently at issue is whether a debt is dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A), (a)(2)(B), or (a)(19).[4] The following findings of fact and conclusions of law are made pursuant to Federal Rule of Civil Procedure 52, made applicable to this bankruptcy

---

[1] ECF No. 28.
[2] ECF No. 35.
[3] ECF No. 38.
[4] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*

proceeding by Federal Rule of Bankruptcy Procedure 7052.

## Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), and venue is proper pursuant to 28 U.S.C. § 1409. Reference to the Court of this matter is proper pursuant to 28 U.S.C. § 157(a). This is a core proceeding as contemplated by 28 U.S.C. § 157(b)(2)(I).

## Summary Judgment Standard

The United States Court of Appeals of the Tenth Circuit has held that

> Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Adler v. Wal–Mart Stores, Inc.,* 144 F.3d 664, 670 (10th Cir. 1998). "An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim." *Id.* Put differently, "[t]he question . . . is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Shero v. City of Grove,* 510 F.3d 1196, 1200 (10th Cir. 2007) (quotation omitted). "On summary judgment the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) (quotation omitted).[5]

The Court will apply this standard to the Motion.

## Background

Plaintiff and Defendant met through mutual friends. Their business relationship began in March 2019 when the parties began discussing an investment by Plaintiff in a company named Abundance Energy, LLC ("Abundance"), which was wholly owned by Defendant. Plaintiff, through a corporate entity, made an initial investment of $250,000 for what he believed was a 50%

---

[5] *Becker v. Bateman*, 709 F.3d 1019, 1022 (10th Cir. 2013).

interest in various oil and gas wells owned and operated by Abundance. Things went quickly downhill from there.[6] Plaintiff, believing he had been defrauded by Defendant, filed a lawsuit in state court. Plaintiff now holds a judgment from the state court based on the initial $250,000 investment, plus interest and costs. Plaintiff takes the position that his judgment is excepted from discharge in Defendant's bankruptcy case pursuant to § 523(a)(2)(A), (a)(2)(B), and (a)(19) of the Bankruptcy Code. The Court will focus here on the application of § 523(a)(19).

### Findings of Fact

There is no genuine dispute as to the following facts:[7]

1. On January 26, 2021, Plaintiff filed a petition against Defendant and Abundance in Tulsa County District Court, State of Oklahoma, Case No. CJ-2021-00255 (the "Plaintiff's State Court Case") regarding Plaintiff's $250,000.00 investment in Abundance, which stated numerous claims including fraud by omission, fraud in the inducement, and breach of contract.

2. Defendant filed an Answer to Plaintiff's State Court Case on March 9, 2021, and litigated that case until Defendant's counsel withdrew in 2024.

3. On April 1, 2024, the state court signed a Journal Entry of Judgment that was filed on April

---

[6] The parties have spent considerable resources describing the rift between them. Based on the posture of this proceeding, the Court finds most of those details to be irrelevant to the issue to be determined.

[7] These facts were alleged by Plaintiff in the Motion, ECF No. 28. Defendant did not controvert these facts except to note that state court pleadings "speak for themselves" and that certain facts were irrelevant and not material. *See* ECF No. 35. As a result, these facts are deemed admitted for purposes of the pending summary judgment motion. *See* Bankr. N.D. Okla. LR 7056-1(B) ("All properly supported material facts set forth in the movant's statement shall be deemed admitted for the purpose of summary judgment unless specifically controverted by a statement of the non-movant that is supported by evidentiary material.").

3, 2024 in the Plaintiff's State Court Case in favor of Plaintiff and against Defendant in the amount of $250,000.00 plus post-judgment interest at the statutory rate, plus costs to date of $2,000.00 plus any post-judgment costs allowed by law (the "Journal Entry").

4. On April 20, 2023, the Oklahoma Department of Securities ex rel. Melanie Hall Administrator ("ODS") filed a petition for permanent injunction and other relief against Defendant, among others, in the District Court for Oklahoma County, State of Oklahoma, Case No. CJ-2023-2243 (the "ODS State Court Case").

5. On June 2, 2023, Defendant, via counsel of record, filed an Answer and Third Party Petition in the ODS State Court Case. Defendant was represented by counsel of record in the ODS State Court Case.

6. On May 1, 2024, the Defendant individually and on behalf of Abundance signed a Stipulation and Consent to Final Order of Permanent Injunction (the "Stipulation") in the ODS State Court Case.

7. On May 3, 2024, the state court signed a Final Order, Judgment and Permanent Injunction. That order was filed in the ODS State Court Case on May 7, 2024 (the "ODS Final Order").

8. On April 22, 2024, Defendant filed a Chapter 7 Voluntary Petition in this Court, Case Number 24-10469-M.

In addition to the facts above, the Court makes the following findings:

9. Plaintiff's State Court Case Petition included allegations of fraud by omission (Count II), and fraud in the inducement (Count III) related to the sale of a partial interest in certain oil

and gas wells by Defendant to Plaintiff.[8] The Petition included the following allegations:

    a. "By reason of the conduct alleged herein, Defendant has defrauded Plaintiff by inducing him into tendering $250,000 in exchange for ownership interests in lucrative wells."[9]

    b. "By reason of the conduct alleged herein, Defendant has defrauded Plaintiff by inducing him into tendering $250,000 with the promise that [] he would be paid at a minimum by the wells which were already producing."[10]

10. The Journal Entry included the following findings:

    a. "The Court, having heard the evidence and being fully advised in the premises, on a consideration thereof FINDS that all allegations contained in Plaintiff's Petition are true."[11]

11. The ODS State Court Case Petition includes a cause of action titled "Violation of Section 1-501 of the Act: Making an Untrue Statement of Material Fact or Omitting to State Material Fact to M. Larson[.]"[12] This section alleges substantially the same facts found in the Plaintiff's State Court Case Petition.

12. The ODS State Court Case Petition contains the following provisions:

    a. "Between March 24, 2019, and March 26, 2019, Lucas and Larson exchanged numerous text messages about Larson investing in and acquiring an undivided fifty

---

[8] ECF No. 28-15, at 5-7.
[9] *Id*. at 5 ¶ 36.
[10] *Id*. at 6 ¶ 43.
[11] ECF No. 28-19, at 1.
[12] ECF No. 28-17, at 5. The ODS State Court Case Petition defines the "Act" to be the Oklahoma Uniform Securities Act of 2004, Okla. Stat. tit. 71, §§ 1-101 through 1-701 (2023). *Id*. at 2 ¶ 4.

5

       percent (50%) ownership interest in Defendant Abundance Energy's rights, title and interests in the oil and gas leases and wells in the NWTU and BABU located in Pottawatomie County, Oklahoma."[13]

    b. "Pursuant to Section 1-102, subparagraph (32) of the Act, a fractional undivided interest in oil, gas, or other mineral rights is a security."[14]

13. Among the provisions in the Stipulation:

    a. "Defendants stipulate that the fractional undivided oil and gas interests, as described in [the ODS State Court Case] Petition, are securities as defined by the Oklahoma Uniform Securities Act of 2004 (Act), Okla. Stat. tit. 71, §§1-101 through 1-701 (2023)."[15]

14. To the extent the Conclusions of Law contain any items that should more appropriately be considered Findings of Fact, they are incorporated herein by this reference.

## Conclusions of Law

Section 523(a)(19) renders a debt nondischargeable when it arises in connection with a violation of state or federal securities law or other malfeasance related to the purchase or sale of securities.[16] The discharge exception "serves the broad remedial purpose of 'hold[ing]

---

[13] ECF No. 28-17, at 5 ¶ 25.
[14] *Id*. at 6 ¶ 27.
[15] ECF No. 28-20, at 4 ¶ 3.
[16] Section 523(a)(19) provides that a debt is not discharged that
    (A) is for--
        (i) the violation of any of the Federal securities laws (as that term is defined in section 3(a)(47) of the Securities Exchange Act of 1934), any of the State securities laws, or any regulation or order issued under such Federal or State securities laws; or

accountable those who violate securities laws after a government unit or private suit results in a judgment or settlement against the wrongdoer.'"[17] Under the statute, two conditions must be satisfied to prevent discharge of a debt: first, the debt must stem from a violation of securities laws **OR** *a fraud in connection with the purchase or sale of a security*; and second, the debt must be *memorialized in a judicial or administrative order* or settlement agreement.[18]

1. *Section 523(a)(19)(A)*

A plaintiff can satisfy the statutory elements of § 523(a)(19)(A) if they are owed a debt for 1) common law fraud; 2) "in connection with the purchase or sale of any security."[19] Here, the Journal Entry awarded Plaintiff a judgment for $250,000 plus post-judgment interest at the statutory rate, costs of $2,000, and post-judgment costs.[20] The Journal Entry also found Plaintiff's factual allegations in the Plaintiff's State Court Case Petition related to the Defendant's sale of oil and gas interests were true.[21] Those factual allegations support Plaintiff's claims of fraud by omission and fraud in the inducement, which satisfy the definition of common law fraud under

---

        (ii) common law fraud, deceit, or manipulation in connection with the purchase or sale of any security; and
  (B) results, before, on, or after the date on which the petition was filed, from--
        (i) any judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding;
        (ii) any settlement agreement entered into by the debtor; or
        (iii) any court or administrative order for any damages, fine, penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost, or other payment owed by the debtor.

§ 523(a)(19).
[17] *Berry v. Pentecost (In re Pentecost)*, 631 B.R. 481, 487 (Bankr. N.D. Okla. 2021) (internal citations omitted).
[18] *Id.*; *Tripodi v. Welch*, 810 F.3d 761, 766 (10th Cir. 2016); *Faris v. Jafari (In re Jafari)*, 401 B.R. 494, 496 (Bankr. D. Colo. 2009).
[19] § 523(a)(19)(A)(ii).
[20] ECF No. 28-19.
[21] *Id.*

Oklahoma law.[22] The only question left for this Court to determine is whether the transaction between Plaintiff and Defendant involved "the purchase or sale of a security."[23] As part of the Stipulation, Defendant has admitted that the fractional undivided oil and gas interests he offered Plaintiff were securities under the Oklahoma Uniform Securities Act of 2004.[24] Those are the same interests that were the source of the fraud at issue in the Plaintiff's State Court Case Petition. Therefore, the debt to Plaintiff satisfies the elements of § 523(a)(19)(A)(ii).

2. *Section 523(a)(19)(B)*

Plaintiff's debt is memorialized in the Journal Entry, which was issued by the District Court of Tulsa County, State of Oklahoma. It therefore qualifies as a "judgment . . . entered in any . . . State judicial . . . proceeding," under § 523(a)(19)(B)(i). Defendant argues that the ODS Final Order cannot support Plaintiff's claim under § 523(a)(19) because it did not award any monetary judgment to Plaintiff, but was instead a judgment in favor of ODS. This Court agrees with that premise. But Plaintiff does not rely on the ODS Final Order as the basis for his debt. He merely points to it to establish that Defendant's sale of fractional undivided oil and gas interests to Plaintiff was, by Defendant's own admission, a security under state securities law. The Court finds the Journal Entry satisfies the requirement of § 523(a)(19)(B).

## Conclusion

---

[22] ECF No. 28-15, at 5-6. *See Oak Tree Partners, LLC v. Williams*, 2020 OK CIV APP 5, ¶ 87, 458 P.3d 626, 646 ("Like other fraud-based actions, a claim for fraudulent inducement must allege all the elements of common law fraud. These are: (1) a material misrepresentation; (2) known to be false at the time made; (3) made with specific intent that a party would rely on it; and (4) reliance and resulting damage."); *Universal Health Servs., Inc. v. United States*, 579 U.S. 176, 187 (2016) ("[C]ommon-law fraud has long encompassed certain misrepresentations by omission[.]").
[23] § 523(a)(19)(A)(ii).
[24] ECF No. 28-20.

For the reasons set forth above, the Motion is GRANTED. The Court finds there are no genuine issues of material fact in dispute in this case. Even construing all facts and inferences in favor of Defendant, the Court finds Plaintiff has met his burden under § 523(a)(19) to show his debt is nondischargeable, and he is entitled to judgment as a matter of law. Having determined the debt owed to Plaintiff to be nondischargeable under § 523(a)(19), the Court does not reach any issues under § 523(a)(2) or (a)(4).

A separate judgment in accordance with this Memorandum Opinion is entered concurrently herewith.

DATED: September 11, 2025

8075.2

BY THE COURT:

_____
PAUL R. THOMAS, CHIEF JUDGE
UNITED STATES BANKRUPTCY